UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | **2:17-CR-20597-TGB** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | |
| **ERIC JANCZEWSKI**, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| Defendant. | |

In September, 2021, the late Honorable Arthur J. Tarnow, then presiding over this case, denied Mr. Janczewski's motion for compassionate release. A year later Mr. Janczewski, now proceeding pro se, moved for reconsideration. For same reasons explained in Judge Tarnow's Order, Mr. Janczewski's motion must be denied.

### I. BACKGROUND

The facts underlying Mr. Janczewski's conviction are ably recounted in Judge Tarnow's prior Order. See ECF No. 43, PageID.376-77. Mr. Janczewski suffered from a severe addiction to heroin. On the orders of a drug dealer to whom he owed money, Mr. Janczewski robbed a convenience store at gunpoint. During the robbery, Mr. Janczewski accidentally fired the gun. After pleading guilty to using, carrying, and discharging a firearm during the 2017 convenience store robbery, Mr. Janczewski was sentenced to seven years in prison.

1

In June 2021, about halfway through his sentence, Mr. Janczewski moved for compassionate release. He argued that his crime was the result of heroin addiction, that asthma rendered him vulnerable to COVID-19, and that drug addiction treatment and other rehabilitative programs were not available due to pandemic-related restrictions. After a hearing, Judge Tarnow issued a characteristically thoughtful Order denying the motion. The Order reflected on the paucity of resources available to Mr. Janczewski and others addicted to drugs and considered the inadequacy of incarceration to address drug addiction more broadly.

But Judge Tarnow concluded that, although incarceration seemed of little benefit to Mr. Janczewski or to the community as a whole, his release was not warranted under the 18 U.S.C. § 3553(a) factors—which guide courts' consideration of these requests. The Order noted that release would "place Janczewski into the exact same set of circumstances that led to his criminal conduct in the first place, without any means of keeping him, or others, safe." *Id.* at PageID.380. It highlighted Mr. Janczewski's eighteen prison disciplinary infractions and his ongoing struggles with addiction while incarcerated as reasons for denying the request.

## II.   LEGAL STANDARD

Under Eastern District of Michigan Local Rule 7.1(h)(2)(A), a litigant may ask the Court to reconsider a previously issued order. To prevail, Mr. Janczewski must show that "the court made a mistake,

2

correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." L.R. 7.1(h)(2)(A). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001).

## III.  DISCUSSION

In his initial motion for reconsideration, Mr. Janczewski argued that he has remained sober and has not incurred any new disciplinary infractions since Judge Tarnow denied his motion for release. *See* ECF No. 44, PageID.383. He noted that he was ineligible to participate in the Bureau of Prisons's residential drug addiction treatment program because of an outstanding state warrant from Maryland. *Id.* And he maintained that he had a new commitment to sobriety and positive change. *Id.*

Some months later, Mr. Janczewski filed an amended motion. *See* ECF No. 45. In this second filing, he says that his Maryland detainer has now been resolved. *Id.* at PageID.387. He notes that he is now eligible for placement in a halfway house or the BOP's residential addiction treatment program, and he asks to be placed in the same Salvation Army treatment program his lawyer originally suggested to Judge Tarnow.

Regrettably, the fundamental facts of this case remain as they were.[1] The Salvation Army program Mr. Janczewski requests asks to be released into is the same program Judge Tarnow found inadequate in 2021. Mr. Janczewski's disciplinary record remains troubling. And since Judge Tarnow first denied Mr. Janczewski's compassionate release motion, the Sixth Circuit has made clear that a typical claim of vulnerability to COVID-19, without more, no longer presents extraordinary and compelling circumstances justifying release given the widespread availability of vaccinations against the virus. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Because Judge Tarnow made no mistake of fact or law in denying Mr. Janczewski compassionate release, this Court cannot disturb that decision.

Mr. Janczewski's petition implicates another issue that arises frequently in compassionate release petitions: the limited availability of rehabilitative programing for certain inmates.

No institution has been spared the deprivations caused by the COVID-19 pandemic, perhaps least of all Bureau of Prisons and its state counterparts. Every judge assigned a compassionate release petition, prisoner civil rights suit, or petition for the writ of habeas corpus in the

---

[1] Mr. Janczewski's motion also comes too late. Motions for reconsideration must be filed within 14 days of the order in question. Local Rule 7.1(h)(2). Mr. Janczewski's motion was filed nearly a year after Judge Tarnow's order. Nevertheless, the Court has considered the merits of Mr. Janczewski's motion.

4

last three years has heard or read of COVID-19's harrowing effect on prisoners and prison staff alike. But as society emerges from one of the most disruptive periods in living memory, we are afforded an opportunity to reexamine policies and priorities that have long persisted by inertia alone.

This Court has previously commented on the Bureau of Prisons' apparent policy of restricting programming from prisoners subject to state detainers and severe curtailment of programming during the COVID-19 pandemic. *See, e.g.*, *United States v. Hoeltzel*, Case No. 18-20111, ECF No. 98, PageID.1404 (E.D. Mich. Dec. 19, 2022); *United States v. Brant*, Case No. 18-20155, ECF No. 53, PageID.423-24 (E.D. Mich. Nov. 22, 2022). The Court again emphasizes its conviction that all inmates who demonstrate an interest and ability to participate in rehabilitation programming should be allowed to do so.

## IV.  CONCLUSION

Given his stated desire to develop the skills necessary to overcome drug addiction and remain sober, as well as the fact that Mr. Janczewski's outstanding detainer has apparently been removed, the Court urges that Mr. Janczewski be allowed to participate in any drug addiction treatment or, when eligible, residential reentry programs offered by the Bureau of Prisons. Mr. Janczewski's stated sobriety and commitment to rehabilitation upon his release are heartening, and the

Court encourages him to remain focused on the goals and ideals he discussed in his motion.

Judge Tarnow's reflections about the social benefit of continuing to incarcerate those suffering from drug addiction remain poignant. But the facts and the law that govern this case continue to compel the same conclusion Judge Tarnow reached.

For these reasons, Mr. Janczewski's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 22, 2023    s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE